IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF INDIANA

SUSAN SANDERS, Individually and as Administrator of the Estate of JULIE HAWLEY, Deceased,

    Plaintiff,

vs.

MAJOR HOSPITAL D/B/A HARBOR HEALTH & REHAB

    Defendant.

Civil Action No.: 2:24-CV-00187

## COMPLAINT

AND NOW, comes the Plaintiff, Susan Sanders as the Administrator of the Estate of Julie Hawley, Deceased, by and through her undersigned counsel, Robert Daniell, Esquire, Jacob Runyon, Esquire, and Brad Needham, Esquire; and the law firm of Smith Clinesmith, LLP, and files this Complaint for Defendant's violation of duties imposed upon it under the Omnibus Budget Reconciliation Act of 1987 ("OBRA"); the Federal Nursing Home Reform Act ("FNHRA"); 42 U.S.C. §1396r, *et al.*; the implementing regulations found at 42 C.F.R. §483, *et al.*; and for violations of the Constitution of the United States of America under Amendment Fourteen, enforceable under 42 U.S.C. §1983, against Defendant Major Hospital d/b/a Harbor Health & Rehab, hereinafter referred to as "Defendant".

## Nature of Action

1. This is a proceeding under 42 U.S.C. §1983 to remedy deprivations of rights under the Omnibus Budget Reconciliation Act of 1987; the Federal Nursing Home Reform Act;

1

the Federal Nursing Home Regulations as found at 42 C.F.R. §483, which amplify the aforementioned statutes, and the Constitution of the United States of America.

## Jurisdiction and Venue

2. As the instant case presents issues of federal law, jurisdiction is proper in this forum as a federal question, pursuant to 28 U.S.C §1331.

3. Venue lies within this judicial district, since all of the actions complained of herein occurred within the Northern District of Indiana.

## Parties

4. Plaintiff Susan Sanders is an adult who resides at 3312 175 Pl., Hammond, IN 43232.

5. Susan Sanders is the daughter of Plaintiff's Decedent Julie Hawley.

6. Julie Hawley died on September 21, 2022.

7. Susan Sanders is the duly appointed Administrator of the Estate of Julie Hawley.

8. Plaintiff brings this action as the personal representative of the Estate of Julie Hawley, on her own behalf, and on behalf of all those entitled by law to recover damages for the wrongful death of Julie Hawley.

9. The names of all persons legally entitled to recover damages for the wrongful death, pursuant to Indiana Code § 34-23-1-2, which these causes of action borrow from, of Julie Hawley and their relationship to her are as follows:

| Name | Relationship |
| --- | --- |
| Susan Sanders | Daughter |

10. Defendant Major Hospital d/b/a Harbor Health & Rehab is a governmental agency with its governmental offices located at 2451 Intelliplex Dr, Shelbyville, IN 46176.

11. Defendant Major Hospital, as a governmental agency formed pursuant to IC 16-

22-8-6, at all times relevant hereto, was acting under the color of state law.

12. Defendant Major Hospital owns and operates Harbor Health & Rehab ("Harbor), which is a skilled nursing facility located at 5025 McCook Ave, East Chicago, IN 46312.

13. Harbor is owned and operated by Defendant Major Hospital. Defendant Major Hospital is proper party Defendant to this matter.

14. At all relevant times hereto, Harbor operated as a long-term care nursing facility.

15. At all times relevant hereto, Defendant Major Hospital operated Harbor as a "skilled nursing facility," as that term is defined in 42 U.S.C. §1395i-3.

16. At all times relevant hereto, Harbor was acting under the control of Major Hospital, and by and through its duly authorized agents and/or employees who then and there acting within the course and scope of their employment.

17. Defendant Major Hospital is a municipal corporation organized and existing under the laws of the State of Indiana. At all times relevant hereto, Defendant Major Hospital, acting through Harbor, was responsible for the policies, practices, supervision, implementation, and conduct of all matters pertaining to Harbor and was responsible for the appointment, training, supervision, and conduct of all Harbor personnel. In addition, at all relevant times, Defendant Major Hospital was responsible for enforcing the rules of Harbor facility and for ensuring that personnel employed in the facility obey the Constitution and laws of the United States and of the State of Indiana.

18. At no point has suit been brought by or on behalf of Julie Hawley, either for her personal injuries nor for her wrongful death.

19. At all times relevant hereto, Plaintiff's Decedent was a recipient of Medicare and Medicaid benefits pursuant to 42 U.S.C.A. §1396, *et. seq.*

## Statement of Claims

20. All preceding paragraphs of this Complaint are incorporated herein, as if set more fully at length.

21. Julie Hawley (herein "Mrs. Hawley") was 74 years old when she was admitted to Harbor on or about May 4, 2022 for long-term skilled nursing services and rehab following anal tumor cancer.

22. Mrs. Hawley's daughter Susan Sanders visited Mrs. Hawley at Harbor and always observed her mother sitting in the same position in bed in the same clothing.

23. On or about June 1, 2022, Mrs. Hawley's condition deteriorated and she was admitted to St. Catherine Hospital.

24. Upon admission to St. Catherine Hospital, Mrs. Hawley was noted to have a massive pressure ulcer on her lower back that was noted to be 21x8x14 inches. She had additional pressure ulcers on both of her heels and was noted to be malnourished and septic.

25. Mrs. Hawley underwent a wound debridement for her pressure ulcers at St. Catherine Hospital.

26. On or about June 17, 2022, Mrs. Hawley was transferred from St. Catherine Hospital to Dyer Nursing and Rehabilitation Center.

27. Mrs. Hawley died on September 21, 2022. Her causes of death on her death certificate are malignant neoplasm of colon, diabetes mellitus, and hypertension.

28. On June 9, 2022, Harbor was cited by the Department of Health & Human Services Center for Medicare & Medicaid Services for failing to provide pressure ulcer care and prevent new ulcers from forming. A review of the Statement of Deficiencies describes a resident with similar diagnoses and fact pattern to Mrs. Hawley, suggesting that this resident is in fact Mrs. Hawley. The Statement of Deficiencies states that the medical records lacked documentation indicating that wound treatments were completed at Harbor.

4

29. During the time when Mrs. Hawley was a resident of Harbor, the facility was understaffed. Center for Medicare and Medicaid Services Payroll Based Journal information for the facility shows that for Quarter 2, 2022, the facility was below the national average and recommended and required certified nurse aide hours for all 91 days and below the number of Registered Nursing and other Nurse hours for 40 and 91 days of the quarter, respectively. Managers, owners and operators of Harbor knew the facility was understaffed yet made no corrections to their budgeting to allow for additional needed staff to provide care to Mrs. Hawley.

## COUNT I
### Deprivation of Civil Rights Enforceable Via 42 U.S.C. §1983

### SURVIVAL

30. All of the preceding paragraphs of this Complaint are incorporated herein, as if set forth more fully at length.

31. At all times relevant to this Complaint, Harbor was acting under the color of state law and as an agent of the State of Indiana.

32. The Defendant is bound generally by the 1987 Omnibus Budget Reconciliation Act (OBRA) and the Federal Nursing Home Reform Act (FNHRA) which was contained within the 1987 OBRA. See: 42 U.S.C. §1396r. The Defendant is also bound generally by the OBRA/FNHRA implementing regulations found at 42 C.F.R. §483, et seq., which served to further define and amplify specific statutory rights set forth in the above-mentioned statutes.

33. The statutes in question, as amplified and further defined by the detailed regulatory provisions, create rights which are enforceable pursuant to 42 U.S.C. §1983, as the language of these regulations and statutory provisions clearly and unambiguously creates those rights.

34. The Defendant, in derogation of the above statutes and regulations, and as a custom and policy, failed to comply with the aforementioned regulations as follows:

   a. By failing, as a custom and policy, to develop and implement written Policies and Procedures that prohibited the mistreatment, deliberate indifference and abuse of residents such as Julie Hawley, as required by 42 C.F.R. §483.12 and 42 U.S.C. §1396r(b)(1)(A);

   b. By failing, as a custom and policy, to care for patients, including Julie Hawley, in a manner that promoted maintenance or enhancement of her life, as required by 42 C.F.R. §483.15 and 42 U.S.C. §1396r(b)(1)(A);

   c. By failing, as a custom and policy, to promote the care of patients, including Julie Hawley, in a manner and in an environment that maintained or enhanced her dignity as required by 42 C.F.R. §483.15 and 42 U.S.C. §1396r(b)(1)(A);

   d. By failing, as a custom and policy, to develop a comprehensive Care Plan for patients, including Julie Hawley, as required by 42 C.F.R. §483.20 and 42 U.S.C. §1396r(b)(2)(A);

   e. By failing, as a custom and policy, to provide patients, including Julie Hawley, the necessary care and services to allow her to attain or maintain the highest, practicable, physical, mental and psychosocial well-being, as required by 42 C.F.R. §483.25 and 42 U.S.C. §1396r(b)(3)(A);

   f. By failing, as a custom and policy, to periodically review and revise a patient's or resident's written Plan of Care by an interdisciplinary team after each of the resident's or patient's assessments as described within 42 U.S.C. §1396r(b)(3)(A) and as required by §1396r(b)(2)(C);

   g. By failing, as a custom and policy, to conduct an assessment of a patient or resident, such as Julie Hawley, as per 42 U.S.C. §1396r(b)(3)(A), promptly after a significant change in the resident's physical or mental condition, as required by 42 U.S.C. §1396r(b)(3)(C)(i)(ii);

   h. By failing, as a custom and policy, to use the results of

6

       the assessments required as described above in developing, reviewing and revising the resident's Plan of Care, specifically Julie Hawley's Plan of Care, as required by 42 U.S.C. §1396r(b)(3)(D);

i.     By failing, as a custom and policy, to ensure that patients or residents, including Julie Hawley, were provided medically related social services to attain or maintain the highest practicable physical, mental and psychosocial well- being as required by 42 C.F.R. §483.25 and 42 U.S.C. §1396r(b)(4)(ii);

j.     By failing, as a custom and policy, to ensure that an ongoing program, directed by a qualified professional, of activities designed to meet the interests and the physical, mental and psychosocial well-being of each resident or patient, including Julie Hawley, as required by 42 C.F.R. §483.25 and 42 U.S.C. §1396r(b)(4)(A)(v);

k.     By failing, as a custom and policy, to ensure that the personnel responsible for the care of patients were properly certified and/or re-certified as being qualified to perform necessary nursing services as required by 42 U.S.C. §1396r(b)(4)(B);

l.     By failing, as a custom and policy, to provide sufficient nursing staff to provide nursing and related services that would allow patients or residents, including Julie Hawley, to attain or maintain the highest practicable, physical, mental and psychosocial well-being, as required by 42 C.F.R. §483.30 and 42 U.S.C. §1396r(b)(4)(C);

m.     By failing, as a custom and policy, to maintain clinical records on all residents, including Julie Hawley, including but not limited to the Plans of Care and resident's assessment, as required by 42 U.S.C. §1396r(b)(6)(C);

n.     By failing, as a custom and policy, to ensure that the Harbor facility was administered in a manner that enabled it to use its resources effectively and efficiently to allow patients or residents, including Julie Hawley, to maintain or attain their highest practicable level of physical, mental and psychosocial well-being as required by 42 C.F.R. §483.75, 42 U.S.C. §1396r(d)(A) and 42 U.S.C. §1396r(d)(1)(C);

      o.      By failing, as a custom and policy, to ensure that the administrator of Harbor met the standards established under 42 U.S.C. §1396r(f)(4) as required by 42 U.S.C. §1396r(d)(1)(C);

      p.      By failing, as a custom and policy, to ensure that Harbor was complying with federal, state, local laws, and accepted professional standards which apply to professionals providing services to residents, including Julie Hawley, and in operating such a facility as Harbor, as required by 42 U.S.C. §1396(d)(4)(A); and,

      q.      By failing, as a custom and policy to ensure that Harbor's administrator and director of nursing properly monitored and supervised subordinate staff thereby failing to ensure the health and safety of residents or patients, including Julie Hawley, in derogation of 42 C.F.R. §483.75 and 42 U.S.C. §1396(a)(1)(A).

35.    As a proximate result of Defendant's actionable derogation of its regulatory and statutory responsibilities as above-described, Plaintiff's Decedent was injured as previously referenced, and suffered pain, distress, and death as a result of Harbor's poor care and treatment, which allowed her to suffer harm as described herein. As such, Plaintiff has suffered, and is entitled to recover the following damages, as well as an award of reasonable counsel fees, pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988:

      a.      Pain, suffering, inconvenience, anxiety and nervousness of the Plaintiff's Decedent until the time of her death;

      b.      Hospital, medical, and nursing expenses incurred on Plaintiff's Decedent's behalf;

      c.      Other losses and damages permitted by law; and,

      d.      Any other damages as the Court sees fit to award.

WHEREFORE, the Plaintiff, Susan Sanders, Individually and as the Administrator of the Estate of Julie Hawley, Deceased, demands damages of Defendant Major Hospital d/b/a Harbor Health & Rehab in excess of Seventy-Five Thousand Dollars ($75,000.00), plus interest, costs of suit

and attorneys' fees.

## COUNT II

### Deprivation of Civil Rights Enforceable Via 42 U.S.C. §1983

### WRONGFUL DEATH

36. All of the preceding paragraphs of this Complaint are incorporated herein, as if set forth more fully at length.

37. As a proximate result of the Defendant's actionable derogation of its regulatory and statutory responsibilities as above-described, Plaintiff's Decedent was injured as previously referenced, and suffered pain, distress and death as a result of the poor care and treatment she received.

38. As such, Plaintiff has suffered, and is entitled to recover the following damages, as well as an award of reasonable counsel fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988:

    a.    Money for funeral and estate expenses incurred because of the death of Julie Hawley;

    b.    Damages for the lost services, assistance, guidance, counseling, and companionship of Julie Hawley;

    c.    Financial support and all pecuniary benefits which would have been received from the Decedent;

    d.    The expenses of administration; and,

    e.    Other losses and damages permitted by law.

WHEREFORE, the Plaintiff, Susan Sanders, Individually and as the Administrator of the Estate of Julie Hawley, Deceased, demands damages of Defendant Major Hospital d/b/a Harbor Health & Rehab in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), plus interest, costs of suit, and attorney's fees.

## COUNT III

### Violations of the United States of America's Constitution Under Amendment Fourteen for Injury to Human Dignity Enforceable Via 42 U.S.C. §1983

### SURVIVAL

1. All of the preceding paragraphs of the within Complaint are incorporated herein as if set forth more fully at length.

2. During the residency of Julie Hawley, the Defendant deliberately and/or with deliberate indifference failed to properly care for her, causing her to suffer an injury to human dignity.

3. Specifically, the Defendant allowed Julie Hawley to remain in a state that was hazardous to her health and well-being. These violations interfere with Julie Hawley's rights under the Fourteenth Amendment to the United States of America's Constitution.

4. During its treatment of Julie Hawley, the Defendant acted pursuant to a state right or privilege, and as such were state actors.

5. While a patient at Harbor, Julie Hawley had a serious medical need, and the deliberate and deliberately indifferent acts and omissions of the staff at Harbor indicated deliberate indifference to Mrs. Hawley's medical needs.

6. Julie Hawley was dependent upon Harbor and its staff for a significant amount of her activities of daily living, nursing care, and treatment needs.

7. Harbor and its staff were deliberately indifferent to Julie Hawley because they knew that Mrs. Hawley faced a substantial risk of serious harm and they failed to take reasonable steps to avoid the harm.

8. As a proximate result of the Defendant's failure to act properly as above-described, Julie Hawley suffered an injury to human dignity as previously referenced and suffered pain, distress and death as a result of the poor care and treatment given to her, allowing

her to develop the injuries and suffer death as referenced herein. As such, Plaintiff has suffered, and is entitled to recover for, the following damages:

    a.    Pain, suffering, inconvenience, anxiety and nervousness of the Plaintiff's Decedent until the time of her death;

    b.    Hospital, medical, surgical and nursing expenses incurred on Plaintiff's Decedent's behalf;

    c.    Attorney's fees and costs;

    d.    Other losses and damages permitted by law; and,

    e.    Any other damages as the Court sees fit to award.

WHEREFORE, Plaintiff Susan Sanders, as Administrator of the Estate of Julie Hawley, Deceased, demands compensatory and consequential damages from Defendant Major Hospital d/b/a Harbor Health & Rehab in excess of Seventy-Five Thousand Dollars ($75,000.00), plus interest, costs of suit and attorneys' fees.

## COUNT IV

**Violations of the United States of America's Constitution Under Amendment Fourteen for Injury to Human Dignity Enforceable Via 42 U.S.C. §1983**

    9.    All preceding paragraphs of the within Complaint are incorporated herein as if set forth more fully at length.

    10.    As a proximate result of the Defendant's actionable derogation of its regulatory and statutory responsibilities as above-described, Plaintiff's Decedent was injured as previously described and suffered pain, distress and death as a result of the injuries to her human dignity.

    11.    As such, Plaintiff has suffered, and is entitled to recover for, the following damages, as well as an award of reasonable counsel fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988:

    a.    Money for funeral and estate expenses incurred because

      of the death of Julie Hawley;

b.     Damages for the lost services, assistance, guidance, counseling, and companionship of Julie Hawley;

c.     Financial support and all pecuniary benefits which would have been received from the Decedent;

d.     The expenses of administration; and,

e.     Other losses and damages permitted by law.

WHEREFORE, Plaintiff Susan Sanders, Individually and as Administrator of the Estate of Julie Hawley, Deceased, demands compensatory and consequential damages from Defendant Major Hospital d/b/a Harbor Health & Rehab in excess of Seventy-Five Thousand Dollars ($75,000.00), plus interest, costs of suit and attorneys' fees.

**A JURY TRIAL IS DEMANDED.**

                Respectfully submitted,

                ***/s/ Robert E. Daniell***
                Robert E. Daniell
                Jacob N. Runyon
                Brad Needham
                SMITH CLINESMITH, LLP
                325 N. St. Paul, 29th Floor
                Dallas, Texas 75201
                (214) 953-1900 – Telephone
                (214) 953-1901 – Facsimile
                rdaniell@fightingelderabuse.com
                jacob@fightingelderabuse.com
                bneedham@fightingelderabuse.com
                service@smithclinesmith.com